## Day v. Berwick Place Development Corp.

C.P. of Montgomery County, no. 96-20176.

*Ellis M. Saul,* for plaintiff.
*Robert G. Dobslaw,* for defendant.

VOGEL, *S.J.,* August 26, 1998—In the summer of 1995, plaintiff, David Day, purchased from defendant, Berwick Place Development Corp., a new home at 29 Bristol Court in the Fairview Village Section of Worces-

ter Township, Montgomery County for the consideration of $153,900. The agreement of sale did not contain specific warranties. Section 2 of its standard residential construction addendum provided for a procedure to be followed if the premises were not complete but could still be occupied at the time of settlement. In accordance with that procedure, on August 22, 1995, Mr. Day and a representative of the defendant walked through the premises. The inspection report they prepared included a reference to a depression in the driveway, which had been patched and was crumbling.

Berwick Place repaired the driveway by digging and applying a patch that conformed to industry standards for that particular work, but refused Mr. Day's request to seal the driveway or otherwise make it uniform. The repair left a large scar on the driveway, of a different color. Around the patch is a sealer which is sticky and gets tracked into the house. The fair and reasonable cost of sealing or coating the entire driveway to make it uniform is $750.

Following an arbitration hearing, this case was tried on June 2, 1998, before the undersigned, without a jury, pursuant to Pa.R.C.P. 1038. On June 24, 1998, we rendered a decision in favor of David Day and against Berwick Place Development Corp. in the sum of $750. On July 27, 1998, defendant filed an appeal to the Superior Court of Pennsylvania. Motions for post-trial relief pursuant to Pa.R.C.P. 227.1 et seq. were not filed within 10 days of notice of filing our decision, as required by Pa.R.C.P. 227.1(c)(2).

This appeal should be quashed. Pa.R.C.P. 227.1(g) provides for one exception from the requirement of filing motions for post-trial relief. The note following Pa.R.C.P. 227.1(c) lists several exceptions to that requirement provided for by specific rules. There is no

exception for appeals from arbitration, either noted in Rule 227.1, in the rules governing compulsory arbitration, Pa.R.C.P. 1301-1314, nor in the statute providing for compulsory arbitration, 42 Pa.C.S. §7361. Pa.R.C.P. 1311 provides that appeals from awards of arbitrators are de novo. Motions for post-trial relief were required to preserve issues for review in this case, but none were filed, and for this reason, as mentioned, the appeal should be quashed. However, in spite of the foregoing, we consider the merits of the defendant's appeal.

Berwick Place characterizes plaintiff's claim as one that could be sustained only if plaintiff had a "satisfaction contract." We disagree. Plaintiff is entitled to recover because Berwick Place breached the implied warranty of reasonable workmanship. That warranty, and the warranty of habitability were established by the Pennsylvania Supreme Court in *Elderkin v. Gaster,* 447 Pa. 118, 288 A.2d 771 (1972). The court held that a "builder vendor" of new residential construction: "impliedly warrants that the home he has built and is selling is constructed in a reasonably workmanlike manner and that it is fit for the purpose intended— habitation." 447 Pa. at 128, 288 A.2d at 777.

Defendant argued that in *Krugh v. Laurich,* 17 D.&C.4th 666 (C.P. Franklin Cty. 1991), the court held that the implied warranty of good workmanship is "somewhat less demanding" than the warranty of habitability. Defendant asserts this means that if the premises are habitable, the warranty of good workmanship has not been breached. From the context, it is clear that the court in *Krugh v. Laurich* meant that the warranty of good workmanship may be breached by a lesser defect than would render the premises uninhabitable. The court in *Krugh v. Laurich,* quoting *Elderkin,* noted that *good* workmanship does not require perfection,

"but must be viewed as meaning reasonable under the circumstances." 17 D.&C.4th at 672.

Neither party has cited, nor does our research disclose, a Pennsylvania case that addresses the implied warranty of good workmanship in the context of esthetics or uniformity of appearance. We find there has been a breach of the warranty of good workmanship under the particular circumstances of this case. The testimony and corroborating pictures introduced disclose a major portion of the driveway has a large scar, a patch of non-uniform color that is sealed around the edges with a sticky substance. (Exhibits P-5, 6, 8 and 10, and D-4.) While defendant is correct in asserting that the repair it performed conformed to industry standards in the manner in which it was performed, and that the sticky substance used to seal the edges of the repair conforms to Pennsylvania Department of Transportation standards, that does not end the inquiry. The standards referred to also address the type of sealer or coating that Mr. Day contends should have been applied. (Exhibit D-3, pp. 14-15, 18-20.) The standards do not speak at all to what should be done to repair the driveway of a new home to conform to the warranty of good workmanship.

We determine the purchaser of *new* residential construction reasonably expects uniformity of appearance, and not a scarred driveway. Obviously, while not every nick or scratch would breach this warranty, major differences in appearance do. For example, if a section of siding is defective, the owner of a new home can reasonably expect that it will be replaced with siding of identical material and color and, in default of that, that sufficient siding be replaced to establish a uniform color. If it is necessary to replace a section of drywall, but then impossible to match the original paint, the

owner of a new home would reasonably expect the wall, or if necessary, the entire room, to be painted so that it is uniform in color. The same reasonable expectation applies to the instant case for a driveway which is new and such an integrated part of plaintiff's home.

Plaintiff is therefore entitled to the cost of resealing or recoating to provide this uniformity. The uncontradicted testimony establishes that to be $750.